UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARTON MALOW COMPANY,

vs.                                                                                                  Case No. 10-10681

CERTAIN UNDERWRITERS AT LLOYD'S
OF LONDON subscribing to Policy No. 509/
QF004706,

     Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANTS' MOTION TO DISMISS COUNT IV (Doc. 33)

     This is an insurance dispute.  Plaintiff Barton Malow Company (Barton Malow) is suing defendants Certain Underwriters at Lloyd's of London (Underwriters) contending that Underwriters has wrongfully denied them coverage under the terms of two professional liability insurance policies.[1]  Barton Malow seeks damages in excess of $3,700,000 in defense costs and $3,276,958.78 in indemnification costs.  The Second Amended Complaint contains four counts:

        Count I - Declaratory Judgment
        Count II - Breach of Contract (duty to defend)
        Count III - Breach of Contract (duty to indemnify)
        Count IV - Michigan Uniform Trade Practices Act, M.C.L. § 500.2006

Before the Court is Underwriters' motion to dismiss Count IV on the grounds that the policies contain a choice of law provision providing for the application of New York law; therefore, a claim under Michigan's Uniform Trade Practices Act does not state a plausible claim for relief.  Resolution of the motion as the parties presented it turned on

---

[1] According to Barton Malow, there are two policies at issue; Underwriters refers to only one policy.

the proper analysis of the Restatement (Second) of Conflict of Laws, Section 187.

The Court held an informal conference with the parties during which it indicated that the motion would be granted.  Upon reflection, however, there may be circumstances where a claim under § 500.2006,[2] which is a remedial claim available only if Barton Malow prevails on its contract claims, may be asserted against Underwriters notwithstanding the choice of law provision.  The better course therefore is to first determine liability on Barton Marlow's coverage claims before considering the form of relief to which it may be entitled.[3]  Accordingly, the motion is DENIED WITHOUT PREJUDICE.

SO ORDERED.


Dated:  October 25, 2011             S/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 25, 2011, by electronic and/or ordinary mail.

                                     S/Julie Owens
                                     Case Manager, (313) 234-5160

---

[2] Section 500.2006(4), as interpreted in the Michigan courts, allows an insured to seek a 12 percent penalty interest if an insured fails to pay a claim on a timely basis regardless of whether the claim is reasonably in dispute.  See Griswold Properties, LLC v. Lexington Ins. Co., 276 Mich. App. 551, 554 (2007).

[3] There is a difference between whether coverage was wrongfully denied and what payment remedies, beyond defense and indemnification costs, may be available. There is nothing in the papers as to whether New York law and Michigan law differ on the issues relating to coverage.