UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARTON MALOW COMPANY,

      Plaintiff,

vs.                                                                                    Case No. 10-10681

CERTAIN UNDERWRITERS AT LLOYD'S                         HON. AVERN COHN
OF LONDON subscribing to Policy No. 509/
QF004706,

      Defendants.
_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR ORDER
DECLARING CERTAIN REDACTED PORTIONS OF THE MCL REPORTS TO BE
NEITHER PRIVILEGED NOR SUBJECT TO THE WORK PRODUCT DOCTRINE
(Doc. 49)**

I. Introduction

This is an insurance dispute.  Plaintiff Barton Malow Company (Barton Malow) is

suing defendants Certain Underwriters at Lloyd's London (Underwriters) contending that

Underwriters has wrongfully denied them coverage.  The case arises from Barton

Malow's role as a construction manager on a project for the University of Michigan.

Barton Malow was ordered to pay a subcontractor in arbitration and seeks

reimbursement under its policy with Underwriters.  As will be explained, Barton Malow is

attempting to obtain certain unredacted reports from the law firm of McCollough,

Campbell & Lane, LLP (MCL) which Underwriters retained before litigation.

Underwriters objects on the grounds that the reports are attorney client privilege and

work product.

Before the Court is Barton Malow's Motion for Order Declaring Certain Redacted Portions off the MCL Reports to be neither Privileged nor Subject to the Work Product Doctrine.  For the reasons that follow, the motion is DENIED.

## II.  Background

Since the filing of the complaint, the parties engaged in motion practice[1] and discovery.  On September 20, 2011 and January 5, 2012, Barton Malow deposed MCL attorney David Joslyn (Joslyn).  During these sessions, Barton Malow says Underwriters instructed Joslyn not to respond to a series of questions regarding his work for Underwriters on the grounds of attorney client privilege.  At the Court's urging, Underwriters produced to Barton Malow redacted portions of five reports prepared by Joslyn at MCL (MCL Reports).  Underwriters also submitted the unredacted portions of the MCL Reports to the Court for in camera review.  Again at the Court's urging, Underwriters produced the unredacted MCL Reports to Barton Malow, identifying the portions it believed protected.  Barton Malow examined the unredacted MCL Reports and now seeks to have three passages from those reports declared non-privileged and not protected by the work product doctrine.

## III.  Legal Standards

In Michigan, "[t]he scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice."  Leibel v. Gen. Motors Corp., 646 N.W.2d 179, 183 (Mich. Ct. App. 2002) (emphasis added).  Where an attorney acts as a business advisor, his

---

[1]Underwriters filed a motion to dismiss Count IV of the Second Amended Complaint.  (Doc. 33).  The Court denied the motion without prejudice.  (Doc. 42).

2

communications with a client are not privileged.  See Ypsilanti Cmty. Utils. Auth. V.

Meadwestvaco Air Sys. LLC, No. 07-CV-1528, 2010 WL 200836, at *1 (E.D. Mich. Jan.

15, 2010) (citing Fox v. Massey-Ferguson, Inc., 172 F.R.D. 653, 669 (E.D. Mich. 1995)).

      In the context of an insurance claim is that "[c]ommunications by attorneys acting

as insurance claims investigators, rather than as attorneys, are not protected by the

attorney client privilege."  Flagstar Bank v. Fed. Ins. Co., No. 05-CV-70950-DT, 2006

WL 6651780 at *4 (E.D. Mich. Aug. 21, 2006) (citing Mich. First Credit Union v. Cumis

Ins. Soc'y Co., No. 05-74423, 2006 WL 185018 at *2 (E.D. Mich. July 5, 2006)).  This is

so regardless of whether the claims handling work is done by in-house claims handling

personnel or by outside counsel.  See Flagstar Bank, 2006 WL 6651780 at *6.

      Similarly, under New York law,[2] in order for the attorney-client privilege to apply,

the communication from attorney to client must be made "for the purpose of facilitating

the rendition of legal advice or services, in the course of a professional relationship."

Spectrum Systems v. Chemical Bank, 78 N.Y.2d 371, 378, 575 N.Y.S.2d 809, 814

(1991).  The communication itself must be primarily or predominantly of a legal

character.  See id.  "[T]he payment or rejection of claims is a part of the regular

business of an insurance company. Consequently, reports which aid it in the process of

deciding which of the two indicated actions to pursue are made in the regular course of

its business.  Merely because such an investigation was undertaken by attorneys will

not cloak the reports and communications with privilege because the reports, although

prepared by attorneys, are prepared as part of the "regular business" of the insurance

---

     [2]Underwriters cites primarily to New York law.  The law is essentially the same; therefore the Court cites from both jurisdictions.

company.  Bertalo's Restaurant Inc. v. Exchange Insurance Co., 240 A.D.2d 452, 658

N.Y.S.2d 656 (App.Div.2d Dept.1997) (citations omitted).

The work product doctrine, codified in Fed. R. Civ. P. 26(b)(3), provides for

qualified protection for documents prepared in anticipation of litigation by a party or for

the party's attorney or other representative.  Fed. R. Civ. P. 26(b)(3).

IV.  Analysis

The three passages Barton Malow seeks to be declared non-privileged and not

subject to the work product doctrine[3] are attached as Exhibit A.  Presumably, Barton

Malow would rely on these passages as evidence to support its case against

Underwriters.[4]

A review of the selected passages shows that the communications were not the

work of an attorney performing a function that was part of the regular course of

Underwriter's insurance business.  Importantly, the passages must be read in the

context of the entire report, including the text appearing before and after the selected

passages.  In so doing, it is clear that the passages communicate legal advice from

Underwriter's counsel regarding the extent, if any, to which Barton Malow's claim was

covered.  They show counsel's legal opinions regarding the scope of potential liability.

This is confirmed by Joslyn's affidavit in which he carefully explains the nature of his

_____

[3]Barton Malow states that "[a]lthough it does not currently expect to do so, [it]
reserves its right to seek from the Court in the future the same relief with respect to the
remaining recently unredacted portions of the MCL Reports."  Barton Malow motion
(Doc. 50) at p. 7 n.1.

[4]Although not an issue, the Court questions whether the three passages would
be admissible as either part of a summary judgment motion or at trial.

4

engagement by Underwriters and the circumstances in which the communications were made.  The selected passages are primarily of a legal character.  As such, they are protected by attorney client privilege.[5]

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  October 3, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 3, 2012, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160

---

[5]Having determined the passages are protected by the attorney client privilege, it is not necessary to address whether they are subject to the work product doctrine.